Sullivan
No. 86-477

### THE STATE OF NEW HAMPSHIRE

v.

### RAYMOND WENTZELL

December 9, 1988

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*Paul J. Twomey*, of Manchester, by brief and orally, for the defendant.

## Memorandum Opinion

Per curiam. The defendant, Raymond Wentzell, was convicted of receiving stolen property in violation of RSA 637:7, following a jury trial in Superior Court (*Contas*, J.). The defendant now appeals his conviction on three grounds: (1) that the trial court improperly excluded as inadmissible hearsay a portion of a police report containing a witness' statement; (2) that the trial court erred in failing to instruct the jury on the element of venue; and (3) that the trial court's refusal to allow the defendant to cross-examine four State witnesses constituted a denial of the defendant's right to confrontation under both the New Hampshire and United States Constitutions. We consider only the second issue, and for the reasons that follow, we reverse.

On April 30, 1985, Cora Campbell contacted the Newport Police Department to report a theft which had occurred at her home in Croydon. She reported that both a safe containing a large sum of money and a 1977 blue Camaro were missing.

The testimony of the State's chief witness, Ronald Gobin, revealed the following sequence of events. The defendant, Raymond Wentzell, dropped off Alan Wilcox in a wooded area behind the Campbell residence and then returned to his place of business in Newport. Wilcox broke into the house and removed the safe. Wilcox then called the defendant from the Campbells' residence to arrange a meeting place for a transfer of the safe. The defendant and Wilcox agreed to meet at an old logging road a few miles from the Campbell residence in Croydon. Wilcox then loaded the safe into the Campbells' blue Camaro, which was parked in the driveway, and drove to the prearranged meeting place. The defendant borrowed a station wagon from one of his employees and drove to meet Wilcox.

At the logging road, Wilcox and the defendant transferred the safe into the station wagon and left the Campbells' Camaro by the side of the road. They then drove to a sandpit area in Grantham, where they left the safe. The defendant and Wilcox then returned to the defendant's place of business in Newport. Gobin, who worked in the office next to the defendant's place of business, further testified that he and the defendant then joined Wilcox in the defendant's van, and proceeded to the sandpit where the safe was located.

At the sandpit in Grantham, the three men transferred the safe into the defendant's van. They then transported it to another sandpit, in Newbury, where they broke the safe open and removed some of its contents, including approximately $30,000 in cash. The

three men then drove to Gobin's residence in Sunapee to divide the proceeds. They devised an alibi about having driven Wilcox to Springfield, Massachusetts, that afternoon and concluded that it would be best if Wilcox left the area immediately. The following day, Wilcox boarded a plane at the Manchester airport. Several weeks later, Gobin and the defendant returned to the sandpit in Newbury and buried the safe.

In July 1985, Wilcox led the police to the same location, where a search revealed the buried safe. Following indictment and trial in superior court, a jury found the defendant guilty of receiving stolen property, and he was sentenced to serve from 3 to 6 years at the New Hampshire State Prison, with 1 1/2 years suspended from the minimum sentence. The defendant now appeals.

■ The defendant argues that the trial court erred in failing to specifically instruct the jury regarding venue. Under part I, article 17 of the New Hampshire Constitution, a criminal defendant has a right to be tried in the county where the offense was committed. *See* N.H. CONST. pt. I, art. 17; *see also* RSA 602:1 (statutory definition of venue). Defense counsel argues that because venue is an element of an offense, *see* RSA 625:11, III, and under RSA 625:10 the State must prove each element of an offense beyond a reasonable doubt, the defendant was entitled to a specific venue instruction. The defendant does not claim that RSA 602:1 is inconsistent with the constitutional provision.

In this case, the trial court refused to give any instruction to the jury relative to venue. This, as a matter of law, was error.

■ When the evidence does not indicate criminal conduct in more than one county, the judge will normally be able to satisfy his obligation relative to a venue instruction by instructing the jury that the State must prove that the crime took place in the county where the indictment alleges that it occurred. When, however, as here, the criminal conduct occurred in more than one county, the court must, when requested by the defendant, instruct the jury accordingly.

■ On these facts, the judge should have instructed the jury relative to RSA 602:1 which, as the State argues, provides that when parts of an offense are committed in separate counties, the offender may be tried in either county.

Because we reverse the defendant's conviction on the above stated statutory ground, we need not reach the other issues raised by the defendant.

*Reversed and remanded.*